# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60476
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 9, 2017

Lyle W. Cayce
Clerk

HECTOR EDGARDO ZALDIVAR PAZ; IVONNE ARACELY DE ZALDIVAR;
IVONNE ALEJANDRA ZALDIVAR-TORRES;
INDIRA NICOLLE ZALDIVAR-TORRES;
MARIE ABIGAIL ZALDIVAR-TORRES,

Petitioners,

versus

JEFF SESSIONS, U.S. Attorney General,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 080 049
BIA No. A201 080 050
BIA No. A201 080 051
BIA No. A201 080 052
BIA No. A201 080 053

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not

No. 15-60476

Hector Zaldivar Paz, his wife Ivonne Aracely de Zaldivar, and their three children—Ivonne Zaldivar-Torres, Indira Zaldivar-Torres, and Marie Zaldivar-Torres—petition for review of a decision of the Board of Immigration Appeals ("BIA").  The BIA agreed with the immigration judge ("IJ") that the petitioners had failed to demonstrate eligibility for asylum, withholding of removal, and withholding of removal under the Convention Against Torture ("CAT").  Because the BIA agreed with the IJ's findings and the denial of relief, we review both decisions.  *Zhu v. Gonzales*, 493 F.3d 588, 593–94 (5th Cir. 2007).  We review the factual findings, including a finding that an alien is ineligible for relief, for substantial evidence.  *Id.* at 594.

The BIA concluded that the petitioners' fear in connection with extortion demands from the Mara Salvatrucha gang (known as "MS-13") did not establish membership in a cognizable "particular social group" and that the record did not show that they would be perceived as holding an anti-gang "political opinion."  According to petitioners, they are members of a particular social group comprised of successful business owners who publicly rejected extortion demands.  They also contend that,

> [g]iven the family's reputation in the Honduran Community, their blatant rejection of the MS-13's extortion demands is an affront to the gang's control and may cause residents to behave in a similar manner. As such, the family's refusal to meet the gang's demands can be seen as a political opinion, as it is an affront to the status quo in Honduras.

Although Hector testified that he refused to pay because he did not want to support organized crime, petitioners have not directed us to evidence showing that MS-13 was aware of either his reason for refusing to pay or his opposition to organized crime.  Nor have they identified evidence showing that he "publicly" or "blatantly" refused to comply with the demand.  Consequently,

---

be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the record does not compel us to conclude that petitioners were persecuted on account of a protected ground, as distinguished from their refusal to comply with extortion.  *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992).

The petitioners also aver that they are entitled to relief under the CAT. By failing, however, to brief any challenge to the finding that the acts against them did not rise to the level of torture, they have not meaningfully challenged the denial of CAT relief.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

The petition for review is DENIED.